BENTON, J.,
concurring.
The administrative law judge did not award fees merely because the School Board had prevailed in an Individuals with Disabilities Education Act (IDEA) case, but because the judge concluded that the request for a second due process hearing for an exceptional student, while proceedings already initiated on behalf of the same student were ongoing, was “frivolous” or, in the words of the statute, because
the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented ... or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
§ 57.105(1), Fla. Stat. (2012). The judge acknowledged that section 57.105 applied only in (judicial proceedings and) “administrative proceedings under chapter 120,” § 57.105(5), Fla. Stat. (2012), and concluded that the proceedings appellant initiated qualified. The final order explained in some detail[1] why the second petition was *760 bound to be a waste of resources for all concerned, a conclusion with which the majority opinion does not seem to take issue.
Although the proceedings in question here undoubtedly constitute “administrative proceedings,” I share the majority opinion’s view that they are not “administrative proceedings under chapter 120.” § 57.105(5), Fla. Stat. (2012). In my view, however, the proceedings underlying the present attorneys’ fee litigation arise, not under section 1003.57(1), Florida Statutes (2012), but under Florida Rule of Administrative Procedure 6A-6.03311(9). While the distinction is of no importance in the present case, the statute seems to confer authority on the State Board of Education to disavow or reverse the exemption from sections 120.659, 120.57 and 286.011, when it provides: “Such hearings are exempt from ss. 120.569, 120.57, and 286.011, except to the extent that the State Board of Education adopts rules establishing other procedures.” § 1003.57(Z )(b), Florida Statutes (2012).

. The final order set out conclusions of law that included the following:
28. In this case, 20 U.S.C. § 1515(j), provides as follows:
During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents agree, the child shall remain in the then-current educational placement of the child, or, if applying initial admission to a public school program until all such proceedings have been completed, (emphasis added).
29. Federal district courts have held that because of the mandatory stay-put provisions of the IDEA, schools are under no obligation to amend or review an IEP that is the subject of litigation because when stay-put is in effect, the school district is powerless to alter a child's IEP without the *760 explicit agreement of the parents. See C.P. v. Leon Cnty. Sch. Bd., 483 F.3d 1151, 1155-56 (11th Cir.2007); Digre v. Roseville Sch. Indep. Dist. No. 623, 841 F.2d 245 (8th Cir.1988); and Johnson v. Special Educ. Hearing Office, 287 F.3d 1176 (9th Cir. 2002); see also M.P. v. Leon Cntv. Sch. Bd., DOAH Case No. 04-0517E (Fla. DOAH Mar. 30, 2004) and K.G. v. Santa Rosa Cntv. Sch. Bd. (Fla. DOAH Case No. 04-1588E) (Fla. DOAH Aug. 31, 2004).
30. Thus, because the automatic stay was in place, the claims made in the Amended Petition were not supported by the material facts necessary to establish the claims set forth therein; nor were the claims supported by the application of the law to those material facts.
31. Notably, Respondent's attorney in this matter is well aware of the current law on the issue involved in this case since she is the same attorney who raised the same arguments in the C.P. case cited above and which had nearly identical facts to the issues raised here. Clearly, at the time of the filing of the Amended Petition, Respondent and Respondent's counsel knew or should have known that the claims made in the Amended Petition were not supported by the material facts necessary to establish the claims set forth therein; nor were the claims supported by the application of the law to those material facts.